## PENN v. STONE.

1. P purchased the interest of S, a partner in a mercantile concern, becomes a member of it, undertakes to pay all the liabilities of that partner as such, and to occupy his situation in respect to the partnership; afterwards, P acquired a note made by the firm previous to his *initiation: Held*, that it was competent for P to maintain an action against any of the makers, in virtue of the indorsement to him, unless it be the partner to whose place he has been substituted.

Error to the Circuit Court of Macon.

THIS was an action of assumpsit at the suit of the plaintiff in error, as the indorsee of David Stone, upon a promissory note to the latter, made on the 24th April, 1833, by the defendant and John T. Brooks, Littleberry Strange, S. W. Mit-

chell, Edward Bird and Julius N. Brooks, for the payment of the sum of $6,350 46. On all the pleas issues were joined except the third; to that the plaintiff demurred, his demurrer was overruled, and the cause being submitted to a jury, a verdict was returned for the defendant, and judgment rendered accordingly.

The assignment of error draws in question the correctness of the decision of the court. The third plea is substantially as follows, viz: That the note declared on was made and delivered upon account of goods, wares and merchandize, purchased by the makers in partnership: after such purchase and the delivery of the note, the plaintiff contracted for, and obtained an interest in these goods, &c., and became a partner in the mercantile business, then being carried on by the makers, instead of Littleberry Strange, who sold his interest 'in the same to the plaintiff, with the consent of the other partners; and thereupon Strange withdrew from the firm, and was released and absolved from all liability for the purchase of the goods, &c., and the other demands against the concern, " and then and there, by said contract, the said plaintiff was substituted in the place and stead of said Strange," and became liable in his stead, jointly and severally with the other makers of the note for its payment, and other demands against the firm. " And if any thing is due and unpaid upon the said note, the plaintiff is equally liable with the said defendant, to and for the payment of the same."

S. WILLIAMS, for the plaintiff in error. The defence set up by the plea is not available. It does not come within the rule which inhibits one partner from suing the firm upon an unsettled account touching the partnership business. It is not alledged that the payee of the note assented to the arrangement to substitute the plaintiff for Strange, or that the undertaking of the plaintiff was in writing, or the business of the firm is settled.

W. W. McLESTER, for the defendant in error. The plaintiff, by his contract with Strange, became liable instead of the latter, to the payment of the note, and the indorsement to him by the payee extinguished all right of action upon it

### Penn v. Stone.

—the note is satisfied and merged in the partnership business, and the plaintiff can only charge the firm with it upon a settlement of the partnership accounts. It must be intended that the partnership is still continuing. If its accounts have been adjusted, the plaintiff's remedy is by an action to recover what is due him on settlement.

COLLIER, C. J.—From the frame ef the plea, we infer that the contract between the plaintiff and Strange, was made previous to the time when the former became the proprietor of the note. This being the case, the substitution of the plaintiff for Strange, as a partner with the defendants, and the undertaking to pay the proportion of the latter, in all the partnership debts, did not *ipso facto* extinguish the note—it had no effect whatever upon its continuing vitality. But if the plaintiff had been the holder of it at the time he was initiated into the concern, we cannot very well perceive that the case would have been different.

We do not understand the plea to insist that any thing like a technical release was executed by the plaintiff to Strange. The form of pleading does not warrant such an inference—in fact there could have been no release, either in respect to the note or other demands against the firm, unless the plaintiff himself had been the creditor. It is an inappropriate use of language, then, to say that the plaintiff released and absolved Strange from the payment of his engagements as a partner.

The case, when denuded, is this, the plaintiff purchases the interest of a partner in a mercantile concern, becomes a member of it, undertakes to pay all the liabilities of that partner as such, and to occupy his situation in respect to the partnership; afterwards he acquires a note made by the firm previous to his initiation. Is it competent for him to maintain an action against any one of the makers, in virtue of the indorsement to him, unless it be the partner to whose place he has been substituted.

It is a clear principle, that courts of law will not entertain suits for the recovery of money due by one partner to another by simple contract, on the partnership account, because it would be useless for one partner to recover, what, upon taking

a general account amongst all the partners, he might be liable to refund. *Frustra petent quod mox restitues esset.* But the question here is, not whether an action will lie by one partner against another to recover money due by a verbal contract on that partnership account—it is this, can a party who is introduced into a firm by purchasing the interest of one of its members, and who has undertaken to pay all the debts to which that partner is liable as such, maintain an action on a note of the partnership, which he afterwards purchases ?    If two persons commence business as partners, and one advance the whole capital, he may maintain an action against his copartner for a moiety, because as to the share of the partner who has not paid, the partnership may be considered as not commenced.    So if one partner give the other his promissory note, or his separate acceptance for value received on the partnership account, an action will lie on such note or bill.    And if one partner draw upon all the others by name, and they individually accept, he may recover of them because by such acceptance a separate right is acknowledged to exist. [See Grigsby's Ex'r v. Nance, 3 Ala. R. 347, and cases there cited.]    In Lyon v. Malone, 4 Porter's Rep. 497, it appeared that all the debts of the concern had been paid, but the accounts of the partners as between themselves were unsettled, and it was held that a note given by one partner to another for his proportion of a partnership debt, which the latter had paid, was recoverable by action at law.    [Smyth v. Strader, Perrine & Co. 9 Porter's Rep. 446.]

There is nothing in the contract between the plaintiff and Strange, which could prevent the former from purchasing a note against the partnership, and upon being invested with the legal title to it, maintain an action thereon. The other members of the concern cannot avail themselves of that contract to defeat a recovery ; especially as it is allowable by statute to sue all or any of the makers or obligors of a joint and several note or bond. If the plaintiff saves Strange harmless from the debts of the firm, this is all his undertaking requires him to do ; and whether he does this or not, the other partners are not interested to inquire, unless they are chargeable in consequence of his default.

If in acquiring the note, the plaintiff had intended to pay

and extinguish it, in consequence of his undertaking to contribute to the payment of the partnership debts, then, perhaps no action could be maintained upon it. But the defence is not, nor is there any thing in the record to indicate, that it could be placed on that ground, and our decision must be adapted to the case as it is, presented.

The judgment of the circuit court is reversed and the cause remanded.