JAMES *vs.* HENDREE'S ADM'R.

[ACTION ON OPEN ACCOUNT—PLEA OF SET-OFF.]

1. *Change of public road.*—Under the provisions of the Code, (§§ 1131, 1176,) a public road can only be lawfully changed by an order of the court of county commissioners, although a person who straightens such road through enclosures, or renders it more convenient for the public, is not liable to a criminal prosecution for a misdemeanor.

2. *Validity of contract in contravention of public policy.*—A contract by which one party, having illegally changed and obstructed a public road, agrees to indemnify the other, who was liable to work on the road, against all costs and damages which he might sustain in a prosecution as a defaulter, if he would refuse to work on the road, is in contravention of public policy, and therefore void.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by R. C. Torrey, as the administrator of George R. Hendree, deceased, against Lorenzo James, and was commenced in a justice's court. After the removal of the cause into the circuit court, the defendant there pleaded as a set-off, that the plaintiff's intestate was indebted to him in the sum of $60.25 ; "which debt," the plea alleged, "grew out of the following circumstances : The defendant's overseer was warned to send his (defendant's) hands to work upon a road which run through the lands of plaintiff's intestate, and which said intestate had previously stopped up so as to impede travel, and opened another road contiguous thereto, which, he claimed, shortened the distance, and was more convenient to the public. Said intestate requested defendant not to send his hands to work upon the road which he had obstructed, and agreed, in case he refused to do so, to indemnify him against all costs, damages and expenses, which he might incur and sustain in the event of his being returned as a defaulter by the overseer of the road ; and defendant agreed with said intestate that he would not send his hands to work upon said road,—respecting which road

and the new one opened by said intestate, a controversy was then going on between said intestate and the overseer of the public road, as to which was the proper road for said overseer to put in repair. In pursuance of said agreement, defendant refused to send his hands to work upon said obstructed road; and, in consequence thereof, defendant was returned as a defaulter, and was fined in the sum of $36. Defendant took an appeal from the decision of the justice of the peace, fining him as aforesaid, to the circuit court of said county; and pending said appeal, to-wit, at the January term, 1856, the costs of the term were imposed on the defendant, amounting to $60.25, which he accordingly paid on the 15th April, 1857. The said agreement between defendant and said intestate was reduced to writing, and signed and sealed by said intestate, on the 1st March, 1856. Defendant has complied in every respect with his said contract, as well as regards the defense of said suit against him as a defaulter. The road which, as above stated, was obstructed and changed by said intestate, has never been used as a public road since that time; but the new road opened by said intestate, as above stated, has ever since been recognized and used as a public road, and adopted in place of said first named road. Said new road was more convenient and beneficial to said intestate than the one which has been abandoned. Said old road ran through one of said intestate's fields, which, by the change of the road as aforesaid, he was subsequently enabled to take into cultivation, and throw into one large field under one fence. Said intestate had a direct interest in the removal of said road from its old location, and also in the establishment of the new road as the proper one to be repaired and worked by the overseer; and the defendant's success in the suit pending in the circuit court, for the costs, damages and expenses whereof said intestate had agreed to indemnify him, would enure to said intestate's own benefit. Wherefore said defendant prays that said sum, with interest, may be set off," &c.

The plaintiff craved oyer of the written contract referred to, and demurred to the plea, on the following grounds:

1st, "because said contract was made without any good, sufficient or legal consideration;" 2d, because said intestate was a stranger to the suit against said defendant, and had no interest therein, and said contract was executed for the purpose of maintaining and promoting said suit;" 3d, "because said contract was made by said intestate, if made at all, for the purpose of encouraging, promoting and maintaining suits and proceedings at law in which he had no interest, and to which he would be a stranger;" and, 4th, "because said plea does not show that the result of the suit against said defendant would have any effect in determining the question whether the old or the new was the proper road." The written contract, as set out on oyer, was signed only by the intestate, and was in these words: " Whereas a suit is now pending in the circuit court of Clarke county, Alabama, at the instance of said county, against Lorenzo James, for refusing to work on the road between Rocky Mount and Gainestown; now, therefore, I voluntarily pledge myself to the said James to pay all the costs, damages, lawyers'-fees, &c., incurred in the defense of said suit; provided that said James shall use all due and customary diligence, attention and vigor, in all things necessary to make a good defense, by personal attendance, proper effort to secure the attendance of witnesses, honest effort to impress the public mind fairly, and by each and every other act that may be of use in constituting a fair, honorable and good defense; the character of the defense on the part of said James not to be judged by me, but by the counsel for the defense. In testimony whereof," &c.

The court sustained the demurrer to the plea, and its ruling is here assigned as error.

O. S. JEWETT, for the appellant.

R. C. TORREY, contra.

R. W. WALKER, J.—Section 1131 of the Code provides, that "no public road can be established, changed or discontinued, except on application to the court of county commissioners." By section 1176 it is provided, that it

is a misdemeanor "to change a public road, except by order of the court of county commissioners, * * unless it straightens the same through enclosures, or renders it more convenient for the public." · There is no conflict between these two sections. The last was not intended to prescribe a second mode in which a public road could be legally changed, but simply to exempt from criminal prosecution those persons who, while changing a public road without proper authority, yet make the change in such a manner as to straighten the road through enclosures, or render it more convenient for the public. A public road, regularly established, can only be lawfully changed by order of the court of county commissioners. Hence, upon the facts stated in the plea, the original road had not, at the time the defendant's hands were warned by the overseer to work on it, ceased to be the public road. It had not been changed in the only mode in which an authoritative change could be made; and consequently it was the duty of James to send his hands to work it, in obedience to the summons of the overseer.

[2.] The contract alleged in the plea was made to prevent his performance of a duty cast upon him by law, and in the performance of which the State had an interest. Such a contract is clearly in contravention of public policy, and therefore void. The demurrer was properly sustained.