## SAMUEL BROWN *versus* JOSIAH F. BATES.

The interest of a mortgagee of lands cannot, before foreclosure, be attached or sold on execution.

A conveyance in mortgage to two or more persons to secure their several debts creates an estate in common, and renders the mortgagees tenants in common, and not joint tenants.

The assignee of three out of four such mortgagees may maintain a writ of entry for the possession of the mortgaged premises, against the mortgager and all claiming under him, if the interest of the fourth mortgagee has not been legally assigned to the party defendant, but remains vested in some third party.

Judgment rendered in such case.

ON REPORT.

WRIT OF ENTRY, to recover possession of a certain parcel of land in Richmond village, described in the writ as bounded " on the west by a town way, on the north by land in possession of Richard F. Farrin, on the east by land of the Portland & Kennebec Railroad Company, and on the south by land of said Brown."

On July 28, 1849, Jonathan Bryant conveyed in mortgage the demanded premises, together with certain other lands, to William Wilson, Amherst Whitmore, Thomas J. Southard and James M. Hagar, with the provision, — " that if the said Jonathan, his heirs, executors, or administrators, shall pay to the said Wilson and Whitmore, Southard and Hagar, five notes of hand by said Bryant, signed as follows, viz. : Two notes dated July 28, 1849, payable to said Southard or order ; one of them for $100, payable on demand, the other for $400, payable in one, two, three and four years from date, interest annually ; one other note dated July 28, 1849, for $400, payable to said Wilson and Whitmore or order, in one, two, three, and four years from date, and interest annually ; one other note given to said Hagar or order, for $400, payable in one, two, and three years from date, and interest annually ; also one other note signed by said Bryant and W. C. Hall, for $200, dated July 17, 1849

payable in three months, with interest, then this deed and said notes shall be void."

At the December term, 1855, the mortgagees recovered a judgment against Bryant, (the mortgager,) and others in possession, for the possession of the mortgaged premises. On April 14, 1862, a writ of possession issued upon this judgment, reciting the amount due upon the mortgage, Dec. 29, 1855, as being, $1285,44, and the costs as $13,90. On May 7, 1862, service of the writ of possession was made, and possession of the premises therein mentioned was given to the mortgagees.

· On Oct. 23, 1860, Thomas J. Southard assigned his interest in the mortgage to the plaintiff.

On Oct. 17, 1862, William Wilson and Amherst Whitmore assigned their interest to the plaintiff.

On the part of the defendant, it appeared that Jonathan Bryant, on Feb. 2, 1852, conveyed the premises to Alfred Beals. On May 17, 1852, James M. Hagar released ·" all interest, right, title and claim whatsoever that he then had in the premises under" the mortgage, to Alfred Beals. On March 28, 1853, Daniel Witham, as deputy sheriff, attached on a writ against Alfred Beals, and in favor of one Rines, all the right in equity which the said Beals had to redeem the mortgage; the writ was duly entered and a judgment rendered thereon in May, 1853; by virtue of the execution issued thereon in June following, Witham sold and conveyed by sheriff's deed, to Charles B. Foster, said Beal's said right of redemption; and, on Nov. 21, 1853, Foster conveyed the premises by deed of warranty to the defendant.

After the evidence was all in, the case was withdrawn from the jury and submitted to the full Court.

*A. P. Gould*, for the plaintiff.

*Tallman & Larrabee*, for the defendant.

WALTON, J. — Jonathan Bryant mortgaged the demanded premises (with other lands) to William Wilson, Amherst Whitmore, Thomas J. Southard, and James M. Hagar. Three of these .mortgagees (Wilson, Whitmore and Southard) have assigned their interests to the plaintiff, and the only ground taken in defence is that the interest of Hagar, the fourth mortgagee, has been assigned to the defendant, and that he is a co-mortgagee with the plaintiff; and the question is then very pertinently asked, if one co-mortgagee can maintain an action for possession against another. We do not find it necessary to answer this question, for the reason that the evidence fails to establish the fact that the defendant is a co-mortgagee with the plaintiff.

The defendant does not appear to have any other title than what he obtained from Foster, and Foster had none except what he derived through the sheriff's deed, and the sheriff's deed conveyed only an equity of redemption. The parties may have supposed that the sheriff's deed conveyed not only the equity but also the interest of one of the mortgagees (Hagar) which had been assigned to the judgment debtor. But this was impossible. The interest of a mortgagee cannot be attached, or sold on execution. *Smith* v. *People's Bank*, 24 Maine, 185. And the sheriff's deed does not purport to convey anything but the equity of redemption. How then, can the proposition be maintained that the defendant is a co-mortgagee with the plaintiff? We think it cannot. It is neither proved nor admitted.

But the question here arises whether the action can be maintained in the name of the plaintiff alone, if he is the assignee of three only of the mortgagees, and the interest of the fourth is in some third party. We have no doubt it can be. When a mortgage is given to two or more persons to secure debts due to them severally, it creates a tenancy in common, and not a joint tenancy. *Burnett* v. *Pratt*, 22 Pick., 556. And tenants in common may all, or any two or more, join in the suit to recover the land, or any one may sue alone. R. S., c. 104, § 9. The mortgage in this

case was given to secure debts due to the mortgagees severally; namely, $400 to Wilson and Whitmore, $500 to Southard, and $600 to Hagar. The plaintiff, being assignee of Wilson, Whitmore, and Southard, is entitled to maintain a writ of entry for the possession against the mortgager, and all claiming under him, if the interest of Hager, the fourth mortgagee, has not been legally assigned to him, but is to be regarded as still vested in some third party.

The plaintiff, therefore, is entitled to judgment. Shall it be absolute or conditional? We think it must be absolute. The action is not brought to foreclose a mortgage, and no motion appears to have been made in the Court below for a conditional judgment, and we have no means of ascertaining the amount due upon the mortgage, — $1285,44 appears to have been due in 1855. And as the defendant is said to be in possession of only a small part of the mortgaged premises, and as he will be obliged to pay the whole amount due with interest in order to redeem such part, (*Rangely* v. *Spring*, 21 Maine, 130,) we presume a conditional judgment would be of no service to either party.

*Judgment for plaintiff.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.