# Pearce v. Jennings.

*Bill in Equity by Creditor without Lien, to reach Property Fraudulently Transferred, and for Receiver.*

1. *Jurisdiction of equity in cases against non-residents.*—A court of equity will entertain jurisdiction of a bill against a non-resident defendant, who was found here and personally served with process (Code, § 3414), when it also appears that another material defendant resides in this State, and that the personal property involved is also here.

2. *Receiver in aid of attachment at law.*—When an attachment at law has been levied on personal property, a court of equity will not appoint a receiver in aid of the suit, unless special circumstances are shown rendering the attachment inadequate and inefficacious.

3. *Lien of agistor.*—An agistor, or person who pastures stock for hire, has no lien at common law, and is not within the statute (Code, § 3089) which gives a lien to the keeper, owner or proprietor of a livery-stable.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 24th September, 1891, by Thomas W. Jennings, as a creditor of Henry Pearce, against said Henry Pearce, his brother, Hollis Pearce, and O. H. Chandler; and sought relief as hereinafter stated. According to the allegations of the bill, Henry Pearce was a railroad contractor, owning a large number of mules, carts and wagons,

plows and other things used in constructing a railroad, and while engaged on the road of the Mobile & Girard Railroad Company became indebted to the complainant, for work and labor done, in the sum of $1,208.33, due September 1st, 1891. On finishing his work on that railroad, Pearce brought his stock to Montgomery, and placed all of it in the possession of C. H. Chandler, who, by contract, undertook to feed and pasture the stock for hire. It was alleged that said Henry Pearce was a non-resident of the State, and was out of the State when the bill was filed, making business arrangements for work elsewhere, and intending soon to return and remove his said property beyond the limits of the State. On the 21st September, 1891, the complainant sued out an attachment at law against said Henry Pearce, on the ground of his non-residence, and summoned Chandler as garnishee; but the bill alleged that Chandler claimed a lien on the stock for feed and pasturage, and that complainant "has no way to require said Chandler to enforce his lien on said property," while the charges against the stock were constantly increasing. The bill alleged, also, that Hollis Pearce, after the levy of attachment, claimed the stock and other property under a mortgage which purported to have been executed to him by Henry Pearce in September, 1890; that the mortgage was without legal consideration, and on a consideration which was simulated and fictitious, and was intended to hinder, delay and defraud the complainant and other creditors of said Henry Pearce; that Henry Pearce was in fact insolvent at the time this mortgage purported to have been executed, and that said Hollis Pearce had no way or means with which to purchase the property. On these averments, the bill prayed (1) that an account be taken of the complainant's debt against Henry Pearce, and also of the amount due Chandler; (2) that the complainant be allowed to pay off Chandler's claim, and be substituted to his rights; (3) that the mortgage to Hollis Pearce be declared fraudulent and void; (4) that a receiver be appointed, if necessary, to take charge of the property, and (5) for general relief. The prayer of the bill was afterwards amended, by asking a *ne exeat* against Hollis Pearce, to prevent the removal of the property from the State.

On motion for the appointment of a receiver, heard on affidavits, the court appointed C. H. Chandler as receiver, whose claim on the property had been satisfied; and this appeal is taken from that order.

ARRINGTON & GRAHAM, for appellants.

RICHARDSON & REESE, *contra.*

CLOPTON, J.—We will not undertake to decide, whether the bill shows that complainant has such interest in, title to, or incumbrance on the property in controversy, as is essential under section 3414 of the Code to give courts of chancery jurisdiction of non-residents, when the object of the suit concerns personal property in this State. The bill shows, not only that a material defendant resides, and that the property which complainant seeks to reach is, in this State, but also that the non-resident defendant, who asserts an adverse claim, was found here, and personally served with process. This is sufficient, if there be no other objection, to authorize the court to take cognizance of the case.

The case made by the bill does not come within the class of cases in which a court of equity will intervene to aid a creditor with a lien in obtaining satisfaction by removing a fraudulent conveyance, obstructing the complete execution of the process of law. Though purporting to be in aid of proceedings at law, the bill is evidently filed under section 3544 of the Code, which provides: "A creditor without a lien may file a bill in chancery to discover or to subject to the payment of his debt any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor." As, however, no objection to this character and frame of the bill is made by demurrer or otherwise, we will not decide whether a creditor who has sued out an attachment at law, and had the same levied on personal property, whereby a lien is created in his favor, may, under the statute, file a bill to invoke the aid of the court in the enforcement of the inchoate and conditional lien acquired by the levy of the attachment, or, independently, a bill to subject the property levied on to the payment of the same debt on which the attachment is founded, by removing a fraudulent conveyance. As this appeal involves only the question of the appointment of a receiver, the averments in respect to the suing out and levy of the attachment are important and material only as they affect the propriety of appointing a receiver.

Receivership is adopted by courts of equity as a suitable and efficient mode of saving the subject of litigation from waste, loss, threatened destruction, material injury, or removal beyond the jurisdiction of the court—its preservation for the benefit of the party ultimately decreed to have the right. Owing to the injustice often resulting therefrom, the authority to appoint a receiver, it has been frequently observed, should be exercised with caution and circumspection. As a general rule, a receiver should not be appointed, unless the court is able to see some resultant benefit to the party seeking the relief, not

[Pearce v. Jennings.|

otherwise obtainable, or that some injury, not otherwise avoidable, will ensue from the refusal; and only when a reasonable necessity is shown. The circumstances charged in the bill, and shown by the affidavits, which, it is insisted, justify the appointment of a receiver, are, that Henry Pearce, one of the defendants, who is indebted to complainant in a sum of about twelve hundred dollars, is owner of the horses, mules, wagons and other personal property described in the bill; that he has transferred or conveyed the same, by mortgage or other instrument, to his brother, J. Hollis Pearce, for the purpose of hindering, delaying or defrauding his creditors, especially complainant, and is arranging to remove the property out of this State as soon as he can settle the claim of the defendant Chandler, for the feed and pasturage of the stock, so that complainant will probably lose his debt, or have to sue for it in another State. Whether these facts, if unconnected with other considerations, would authorize the appointment of a receiver, it is unnecessary to decide. The bill also alleges, that complainant had sued out an attachment against Henry Pearce, returnable to the City Court of Montgomery, the court in which the bill is filed, on the ground that he resides out of the State of Alabama, and has had the attachment levied on the property in controversy, subject to the claim and lien of Chandler, who is summoned as garnishee.

As a general rule, a court of equity will not appoint a receiver, in the absence of special circumstances showing a necessity for placing the property in the custody of the court, when the party seeking relief has an adequate and complete remedy at law—when he may obtain ample redress and protection by the usual course of legal proceedings. Inadequacy of the legal remedy is, in such case, requisite to call the authority into exercise. In *Brierfield Iron Works Co. v. Foster*, 54 Ala. 622, after observing that writs of injunction and equitable attachment are allowed only upon the execution of an adequate bond with sureties for the indemnification of the defendant, the court says: "And whenever either of these writs will afford protection to rights asserted by the plaintiff in a court of equity, and these rights are disputed, it should rarely appoint a receiver to take the property from the defendant." The same principle applies when the party resorting to this extraordinary relief has any other safe or expedient remedy.—*Speight v. Pettus*, 9 Gill, 472; *Rice v. St. Paul & Pac. R. R. Co.*, 24 Minn. 464; High on Receivers, § 10. An attachment at law, when a statutory ground exists for its issue, affords as ample redress and protection, in ordinary cases, as a receivership; fully securing the forthcoming of the property

[Pearce v. Jennings.]

to answer any judgment obtained in the attachment suit, if found liable to the attachment. Complainant having sued out an attachment on the ground that defendant is a non-resident, and having had the writ levied on the property, as the bill avers, we are unable to see what benefit, other or additional to that furnished by the legal remedy, can result to complainant from the appointment of a receiver, or any necessity for such appointment, unless circumstances are shown rendering the attachment inadequate and inefficacious.

As a circumstance having such effect, the bill avers, that the property was in the possession of Chandler, who held it under a lien for the feed and pasturage of the stock, and that there is no way by which complainant can compel the enforcement of his lien; in other words, that a valid levy of the attachment can not be made while Chandler is entitled to keep possession for the preservation and continuance of his lien. It may be conceded that property in the possession of a person having a lien thereon can not be taken from him under an attachment against the general owner. It does not appear, however, from the facts averred in the bill, that Chandler had such lien as would prevent the levy of the attachment. He was an agistor. At common law, a person who pastures stock for hire has no lien, and by the statute only the keeper, owner, or proprietor of a livery-stable has a lien on the stock kept and fed by him.—Code, § 3089; *Bissell v. Pearce*, 28 N. Y. But, if he had a lien, it is shown by his own affidavit that his claim for the feed and pasturage of the stock had been fully paid before the receiver was appointed. The only impediment to the complete and full execution of the process at law was thereby removed. If after its removal, known to complainant, he omitted to have the attachment levied, when a regular and valid levy could have been made, and the property lawfully taken into possession by the sheriff, the effectiveness of the remedy at law was lost by his own *laches;* and in such case he can not come into equity and have a receiver.

On consideration of all the circumstances charged in the bill, and shown by the affidavits, we are forced to the conclusion, that complainant had a complete and adequate remedy at law, and that no necessity is shown for the appointment of a receiver. The order appointing a receiver must be reversed.

Reversed and remanded.