COOLEY *v.* KINNEY.

1. MORTGAGES—COMMON LAW—SURVIVORSHIP.
   A mortgage executed to the mortgagees in lieu of their heir-ship interests in the mortgagor's estate, which is conditioned upon the payment of a specified sum to each, does not, at the common law, create an estate in joint tenancy, so as to permit the survivor to foreclose for the full amount.

2. SAME—CONSTRUCTION OF STATUTE.
   2 How. Stat. § 5561, which excepts mortgages from the general provision of the statute (section 5560) that "all grants and devises of lands made to two or more persons shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy," does not operate to prevent the execution of a mortgage with covenants which are several, but leaves the rule as at common law.

Error to Van Buren; Buck, J.   Submitted January 16, 1896.   Decided March 31, 1896.

*Assumpsit* by Cora Cooley against Hiram A. Kinney to recover the agreed consideration for executing the discharge of a certain mortgage. From a judgment for plaintiff, defendant brings error. Reversed.

*L. A. Tabor*, for appellant.

*T. J. Cavanaugh*, for appellee.

MONTGOMERY, J.   The plaintiff sued to recover the agreed consideration for executing the discharge of a certain mortgage, alleging that the defendant recognized her right to and agreed to pay her for the discharge of the mortgage $350. Defendant denied this, and claimed that he agreed to pay her but $150, the amount due her.

It appears by the testimony that in January, 1882, Oren G. Kinney, the grandfather of plaintiff, executed to

plaintiff and her sister a mortgage, in consideration of natural love and affection and one dollar, with a condition as follows:

"Provided always, and these presents are upon this express condition, that if the said party of the first part shall and do well and truly pay, or cause to be paid, to the said parties of the second part, the sum of four hundred dollars, without interest, as follows: *$200 on the 5th day of October, A. D. 1892, to be paid to Cora L. Hancock, without interest, and the sum of $200 to be paid on the 12th day of September, A. D. 1890, without interest, to Lillie May Hancock. This sum is given to them in lieu of heirship interest in my estate, and, in the event of their decease, then this mortgage to be null and void. In case of such payments, then this mortgage to be void.*"

Defendant is the uncle of plaintiff, and the son of the mortgagor, claiming under a deed made by him.

On the trial the plaintiff testified that her sister, Lillie May, died before reaching her majority; that, after her sister's death, defendant told her that she was entitled to the $400; that in March, 1893, defendant asked her to discharge the mortgage, and agreed to give his note for $350, she having previously received $50 of the amount; she therefore executed a discharge, in which she assumed to discharge the mortgage on her own account, and as heir of her sister, although it was known to both parties that plaintiff's father was still living. This testimony of plaintiff was strenuously denied by defendant, who testified that he agreed to pay her but $150; and in this he was supported by the scrivener, and other testimony. The jury, however, found with the plaintiff.

Numerous questions are raised, but we think it will be necessary to consider but one. The circuit judge charged that—

"Where a mortgage is given to two persons, and one dies, the entire amount of said mortgage becomes due and owing to the survivor thereof; and as a matter of law, in this case, if you should find that this plaintiff, together with her sister, held a mortgage upon the prem-

ises of Oren G. Kinney and wife, and that afterwards her sister died, she, being the survivor of the two, would have had a perfect right to foreclose the said mortgage for the entire amount owing upon the said mortgage."

The covenants are several, and for the benefit of the parties severally. It is true that at the common law, as to a mortgage given to two or more jointly, the right of survivorship exists; at least, as to the remedy. See *Martin* v. *McReynolds*, 6 Mich. 70. And the statute (2 How. Stat. § 5560) providing that grants to two or more persons shall be construed to create estates in common is subject to the exception in the next section, which excludes mortgages. The effect of this legislation is not, however, as we think, to prevent the execution of a mort-gage with covenants which are several. The sole effect is to leave the rule as at common law, and a mortgage which was not joint at the common law is no more so since this statute. In this case there is no covenant to pay this plaintiff, either severally or jointly with her sister, any more than $200. The covenant to pay her sister, Lillie May, is distinct, and does not even name her heirs, representatives, or assigns. We think it clear that there was no survivorship in plaintiff entitling her to fore-close for the full amount. There is no trust relation established by the mortgage which entitles her to receive this sum in trust for any one entitled to take. In short, there is no covenant to pay it to her either individually, or to herself and another jointly. See Jones, Mortg. § 135; *Burnett* v. *Pratt*, 22 Pick. 556; *Brown* v. *Bates*, 55 Me. 520 (92 Am. Dec. 613); *Gilson* v. *Gilson*, 2 Allen, 115. In the case last cited the court, speaking of a provision like that contained in our section 5561, said:

"Rev. Stat. chap. 59, § 11, it is true, has excepted mort-gages from the broad provision that all conveyances made to two or more persons shall be construed to create estates in common, and not in joint tenancy; but this provision only operates to leave open the inquiry in each particular case as to the character of the mortgage. If the mortgage is given to secure a joint debt, it will be construed to be a

joint estate; but if the mortgage is given to secure separate debts, obligations, or duties, each mortgagee is entitled to enforce his right in his own name."

We think the circuit judge was therefore in error in instructing the jury that the plaintiff could have foreclosed the mortgage in her own name for the $400, and that on the death of one mortgagee the entire amount of the mortgage became due and owing to the survivor thereof.

Judgment reversed, and a new trial ordered.

The other Justices concurred.