W. M. SCOTT v. J. W. MERCER, Appellant.

Liens: HORSE TRAINER. A person who keeps and trains a horse. under a contract with the owner, has a lien at common law for the labor, skill and expense bestowed, and which has enhanced the value of the horse.

*Appeal from Buchanan District Court.*—HON. J. L. HUSTED, Judge.

. SATURDAY, MAY 16, 1896.

ACTION in replevin. Judgment for plaintiff, and defendant appealed.—*Reversed.*

*J. E. Cook* and *R. E. Leach* for appellant.

*E. E. Hasner* and *Porter & Porter* for appellee.

GRANGER, J.—A rehearing having been granted, this case is before us for consideration a second time. The plaintiff seeks possession of the horse as the owner thereof, which ownership is not denied. Defendant, in his answer, shows that he is a professional trainer of horses for speed, and that in December, 1891, he entered into a contract with the plaintiff, by which he was to take the horse in question to keep and handle for the season of 1892, and was to receive therefor two dollars and fifty cents per day, and that he kept and handled said horse during that season, two hundred and fourteen days. He further says, that by mutual agreement, he kept and trained said horse during the season of 1893, on the same terms and conditions. He says that when he took said horse, he was comparatively worthless, but by his skill in developing

him, he is worth the sum of three thousand dollars. Defendant says that plaintiff tendered him the sum of one hundred and eighty-five dollars, which is the balance due for the season of 1892, but has tendered nothing for the keeping of the horse for the winter of 1892 and 1893, nor for keeping and training the horse for the season of 1893, and he claims a lien on the horse for his labor and expenditures. On motion of the plaintiff, the defensive part of the answer, being that on which a lien is claimed, was stricken out under a claim that the contract was entire, and the law in such a case gives no lien. The defendant elected to stand on his answer, and judgment was entered for plaintiff. On the former hearing (63 N. W. Rep. 325), we held that the statute gave no lien in such a case, and declined to consider the question as to a common law lien, because of which a rehearing was granted, and that question is now before us.

In view of the fact that the appellant seems to make no contention for a lien except at the common law, we pass the question of a statutory lien, with the statement that there is none. In Jones, Liens, section 731, it is said: "By .the common law, a workman who by his skill and labor has enhanced the value of a chattel has a lien on it for his reasonable charges, provided that the employment be with the consent, either express or implied, of the owner." Among other citations in support of the rule is *Nevan v. Roup,* 8 Iowa, 207. It is further said in this section: "It exists in favor of any bailee for hire who takes property in the way of his trade or occupation, and by his labor and skill imparts additional value to it." In the Iowa case cited, the lien was in favor of the thresher for threshing grain. It is said to exist in favor of a tailor for making a coat, a shoemaker for mending shoes, a jeweler for setting a gem, a wheelright for repairing a wagon, a harnessmaker for oiling a harness,

in favor of a farrier for shoeing horses, etc. In Story, Bailm. section 440, speaking of the obligation of the bailee to return the thing after the work has been done, it is said the duty has a qualification, for "every bailee for hire has a lien on the thing for the amount of his compensation, and therefore he is not, unless it is specially otherwise agreed, bound to restore the the thing bailed, until the compensation is paid." In Schouler, Bailm. section 122, it is said: "One, at all events, who trains a horse for racing, has a lien at common law." The case cites among others, that of *Harris v. Woodruff*, 124 Mass. 205, where a rule is stated as follows: "A person has a lien for the expense and skill bestowed upon a horse delivered to him to be trained for running races for bets and wagers in this commonwealth." In 2 Kent, Comm. p. 858, it is said: "It is now the general rule that every bailee for hire, who, by his labor and skill, has imparted an additional value to the goods, has a lien upon the property for his reasonable charges.  *  *  * The same right to a particular or specific lien applies to a miller, printer, tailor, wharfinger, warehouseman, or whoever takes property in the way of his trade or occupation, to bestow labor or expense upon it." The facts of this case bring the defendant within the general rule announced, and, wherever the rule has been invoked, under the particular facts of this case, as to the kind of labor performed, it has been sustained. We may further say, that such an application of the rule is equitable, and it is hard to imagine a reason why it should be applied in many cases where it unquestionably is, and not in this. We think that in striking out the answer of defendant on motion, the district court erred, and the judgment is REVERSED.