(94 South. 571)

## LUNSFORD et al. v. SHANNON.
### (6 Div. 241.)

(Supreme Court of Alabama. Nov. 2, 1922.)

**1. Joint adventures ⬳4(1)—Liability and accounting in joint adventure.**

There may be liability and accounting in a joint adventure that does not contravene public policy and is in conformity with law.

**2. Joint adventures ⬳4(4) — No credits for expenditures by joint adventurer after termination of joint adventure.**

Where a joint adventure terminated for all practical purposes by reason of failure to obtain a lease to coal lands, no credits should be allowed one of the members for expenditures without authority after the termination, or beyond a reasonable time to conclude the business of the adventure.

**3. Mortgages ⬳427(2)—Comortgagees necessary parties to suit for foreclosure.**

Where there are several comortgagees, all must be made parties to a suit for a foreclosure.

**4. Mortgages ⬳413—Foreclosure by comortgagee enjoined until title of comortgagee determined.**

Chancellor properly stayed the foreclosure of a comortgagee's interest until the title and equity of her comortgagee was determined by final decree in a controversy with mortgagor as a joint adventurer.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by J. S. Shannon against Nora L. S. Lunsford and others. From a decree for the complainant, respondents appeal. Reversed and remanded.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and A. F. Fite, of Jasper, for appellants.

A partner is not entitled to any credit on an accounting for any sums expended by him which were so expended in the prosecution of an illegal enterprise, such as the commission of a trespass. 13 C. J. 410; 34 Ala. 488; 9 Ala. App. 334, 63 South. 803; 64 South. 1019; 1 C. J. 628; 1 R. C. L. 209; 112 Ky. 606, 66 S. W. 421, 56 L. R. A. 479, 99 Am. St. Rep. 317; 19 Wyo. 352, 117 Pac. 1079, Ann. Cas. 1913E, 133.

McGregor & McGregor, of Jasper, for appellee.

The bill is for an accounting between partners, to be determined largely by the evidence; and if there was error in making up the account, and items were improperly charged or credited to either party, the Supreme Court has the authority to correct such errors without a reversal of the case. Acts 1915, p. 610; 204 Ala. 517, 86 South. 379.

THOMAS, J. The appeal is from a decree confirming the report of the special master on a bill and cross-bill praying an accounting. Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186; Hamilton v. Terry Co., 206 Ala. 622, 91 South. 489.

[1] There may be liability and accounting in a joint adventure that does not contravene public policy and is in conformity with law. Christie v. Durden, 205 Ala. 571, 88 South. 667; Saunders v. McDonough, 191 Ala. 119, 67 South. 591; s. c. 201 Ala. 321, 78 South. 160; James v. Hendree's Adm'r, 34 Ala. 488. The joint adventure for consideration in this case came about as follows: On July 10, 1914, J. S. Shannon and his wife, Alice Shannon, a party to the bill, executed a mortgage in favor of Nora L. S. Lunsford and Sarah E. Malone to secure the payment of notes of $5,000 to respective mortgagees, executed by the Shannons in favor of Mrs. Lunsford and Mrs. Malone, respectively. On January 19, 1915, Shannon and Mrs. Lunsford (through her husband, acting as her agent) entered into a written agreement, attached as Exhibit B to the bill, which recites that Nora L. S. Lunsford is to furnish Shannon money for the development of the "Diamond Coal Company on property leased from the University of Alabama and others, if such lands are leased from others, and the properties formerly belonging to the Oak Leaf Coal Company." The agreement further recites:

"That this money is to be furnished out of the balance of the money heretofore agreed to be loaned on a mortgage that was made by J. S. Shannon to the said Nora L. S. Lunsford for the sum of $10,000.00 on property in Walker county, Ala.; that said Nora L. S. Lunsford agrees to furnish the balance of said money to said Shannon, and in addition thereto will furnish an equal amount with the said Shannon for the purpose of developing the Diamond Coal Company and neither to seek to take advantage of the other by putting up or offering to put up more than an equal amount. It is further agreed that they are to own the Diamond Coal Company share and share alike and all its properties, the stock in said company, when organized to be distributed fifty per cent. each," etc.

The agreement further provided that the parties would "sell" to F. D. Rimer "$100.00 worth of the stock," "making a total of $200.00 worth of the stock," and that W. G. Lunsford and the complainant Shannon were to have equal salaries for services to the company, "said salary for each to be fixed hereafter." It is undisputed that at the time the Shannons executed a mortgage to Mrs. Lunsford and Mrs. Malone the mining venture for which accounting is sought was not contemplated, the mortgage transaction being a straight loan by the mortgagees to Shannon and in which the parties were brought together through the agency of Hobbs. Shannon testified that his tentative agreement

with the board of trustees did not antedate the agreement of 1914. The agreement in question referred to the properties of the Oak Leaf Coal Company, a corporation then in bankruptcy, and sold pursuant to the order of court. This company had owned some mine track and other mine equipment, and had operated a coal mine on lands belonging to the University of Alabama under lease from the authorities of that institution. No lease from the University authorities was ever obtained, and though Shannon, who was the active man in the venture, proceeded to repair the properties and mine coal from the lands, he did so having no lease from the University authorities and was merely a trespasser so far as the mining of coal was concerned. The corporation which was to be named the Diamond Coal Company was never formed, and in so far as there was any legal relationship between Mrs. Lunsford and Shannon at all, it was that of partners; and it was that relationship which formed the basis of the suit for accounting brought by Shannon. It is undisputed that Mrs. Malone had absolutely no interest in the mining venture, her sole connection with the matter having been the loan of her funds through her agent W. G. Lunsford to Shannon, which was secured by the mortgage. Whether Shannon ever received the $5,000 from Mrs. Malone's funds in return for his note to her for that amount remains to be later considered. It is contended that she was in no sense a proper party to the suit for accounting or rightfully involved in it, and should not be bound by the decree.

[2] Since the joint adventure terminated (after notice by the trustee for the University coal lands to Lunsford and by the latter to Shannon) for all practical purposes during the years 1916–17, no credits should be allowed Shannon for expenditures without authority after such practical termination, or beyond a reasonable time to conclude the business of the partnership.

[3, 4] Is the decree as to Mrs. Malone erroneous in enjoining her foreclosure of the mortgage given by Shannon to secure the sum of money advanced thereon? Mrs. Malone, the comortgagee, was not a party to the original adventure. Therefore any agreement in the matter of that joint enterprise between Mrs. Lunsford and Shannon could not deprive Mrs. Malone of the unimpaired right to her security and of the timely foreclosure of her mortgage to the extent of the amount actually loaned and advanced by her. However, until the respective rights of Lunsford and Shannon are ascertained and declared by final decree, there should be no foreclosure of the mortgage to Mrs. Lunsford or for her benefit. May, then, Mrs. Malone foreclose for herself and Mrs. Lunsford? It is a general rule in the English courts that where there are several comortgagees all must be made

parties to a suit for foreclosure. Vicars v. Cowell, 1 Beav. 529; 18 Eng. Rul. Cas. 492. This is the rule announced by the American courts. 37 L. R. A. 741, notes. And the reason on which such decisions rest is that where specific authority is vested in more than one mortgagee for the benefit of the holder of the note or notes secured by the mortgage, it is apparent that all the mortgagees have an interest in the exercise of this authority, and a decree taking it away or impairing its exercise must affect the interest of all. Therefore all must be made parties and proceed to judgment. Duval v. McLoskey, 1 Ala. 708; Woodward v. Wood, 19 Ala. 213; Winter-Loeb & Co. v. Montgomery Cooperage Co., 169 Ala. 628, 53 South. 905. This is but another application of the rule that the title to be affected must be before the court. Comer v. Bray, 83 Ala. 217, 3 South. 554; Chattanooga Sav. Bank v. Crawford, 206 Ala. 530, 91 South. 316; Hodge v. Joy (Ala. Sup.) 92 South. 171;[1] Chapman v. Fields, 70 Ala. 403; Hunt v. Acre, 28 Ala. 580; Story, Eq. Pl. 177. Having taken the mortgage, as a comortgage, the chancellor properly stayed the foreclosure of Mrs. Malone's interest until the title and equity of her comortgagee, Mrs. Lunsford, was determined by final decree, after coming in of the report of the special master and confirmation thereof. This view finds support in Vicars v. Cowell, supra; Lowe v. Morgan, 1 Brown's Ch. 368; Tell v. Brown, 2 Brown's Ch. 276; Palmer v. Earl Carlisle, 1 Sim. & Stu. 423; Hopkins v. Ward & Co., 12 B. Monroe's Rep. 185; Johnson v. McDuffee, 83 Cal. 30, 23 Pac. 214; O'Brien v. Moffitt, 133 Ind. 660, 33 N. E. 616, 36 Am. St. Rep. 566; Noyes v. Barnet, 57 N. H. 605; Johnson v. Brown, 31 N. H. 405; Sanford v. Bulkley, 30 Conn. 344; Shirkey v. Hanna, 3 Blackf. (Ind.) 403, 26 Am. Dec. 426; Davenport v. James, 7 Hare, 249; 19 R. C. L. p. 526, § 328. Contra: Montgomerie v. The Marquis of Bath, 3 Ves. Jr. 560; Brown v. Bates, 55 Me. 520, 92 Am. Dec. 613; Thayer v. Campbell, 9 Mo. 280; Cochran v. Goodell, 131 Mass. 464.

The pleadings aver that Mrs. Malone was a comortgagee with Mrs. Lunsford, and the proof sustains that allegation; that she furnished a part of the moneys; that the same was paid out in course of the joint enterprise; and that respondent Shannon paid or caused to be paid to her a part of the interest accruing thereon. The decree was erroneous in not ascertaining the exact amount that was due by the mortgagor to Mrs. Malone as a comortgagee, and in declaring that the amount advanced by her was "advanced to either Nora L. S. Lunsford or her agent." The receipt by Lunsford of the part of the moneys advanced by Mrs. Malone was an act of agency for Mr. Shannon, the mort-

[1] 207 Ala. 198.

gagor, to whom there is accountability on the part of the agent or agents Lunsford. The Malone mortgage, or interest therein, may not be foreclosed before the equities of Lunsford and Shannon are ascertained and declared by appropriate decree.

The decree of the circuit court, in equity, is reversed, and the case is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.