(114 So. 192)

**PAYNE v. ELLIS.** (3 Div. 810.)

Supreme Court of Alabama. Oct. 20, 1927.

Appeal and error ⚖️1012(1)—Court's finding on oral testimony should not be reversed unless so against evidence that trial judge would set aside verdict rendered thereon.

Finding of court based on oral testimony should not be reversed unless so manifestly against evidence that trial judge would set aside verdict of jury rendered on same testimony.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action in detinue by George R. Payne against James Ellis. Judgment for defend-

ant, and plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Thos. B. Hill, Jr., and Ben Hardeman, both of Montgomery, for appellant.

In order for a lien to be established in this case a contract must be proved out of which the lien arises. Code 1923, §§ 8892, 8893; First Ave. C. & L. Co. v. McWilson, 182 Ala. 276, 62 So. 531; 17 R. C. L. 607.

Lawrence H. Lee, of Montgomery, for appellee.

Brief did not reach the Reporter.

SAYRE, J. Statutory action of detinue by appellant against appellee for one horse. Defendant answered the suit by setting up a lien under sections 8892 and 8893 of the Code. Plaintiff replied that defendant had received the horse under a contract, the effect of which was to exclude the notion of a lien. 17 R. C. L. 607. This resulted in an issue of fact between the parties as to which the testimony was in conflict. This issue was tried by the court without a jury, and judgment was rendered for the defendant.

The evidence was taken viva voce in the presence of the court. In such cases the rule is not to reverse the finding unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony. Cobb v. Malone, 92 Ala. 635, 9 So. 738. After examining the testimony with due care, we are unable to say with proper assurance of correctness that the court committed error in the judgment rendered.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.