(130 So. 893)

### ELLEDGE v. HOTCHKISS.

### 8 Div. 152.

Supreme Court of Alabama.

June 26, 1930.

Rehearing Denied Nov. 28, 1930.

C. E. Carmichael and A. H. Carmichael, both of Tuscumbia, for appellant.

Andrews, Peach & Almon, of Sheffield, for appellee.

BROWN, J.

The appellee is the owner of two race horses, and equipment used in training and racing said horses. In July, 1928, he entered into a contract with appellant, according to appellee's contention, whereby said horses were delivered to appellant to be entered in the races for the season, appellee agreeing to furnish his caretaker, Jim Norwood, to go with the horses, and pay the expenses of Jim and the horses while being trained at Athens, and for their transportation to the first place of entry. Thereafter the expenses incident to the keeping of the horses were to be deducted from their earnings, and what remained to be divided equally between appellee and appellant. In respect to the expenses and earnings, the appellant was to account periodically to the appellee, and keep him fully advised. It is shown without dispute that appellee paid all expenses up to the first entry.

Appellant's contention is that the agreement was that appellee was to advance the

expenses of the keeping and care of the horses and the caretaker, which were to be first deducted from the earnings, and the net amount to be equally divided. That the earnings of the races were not sufficient to pay the expenses of the joint adventure, and appellant paid the amount over and above the earnings. At the end of the season appellant refused to surrender possession of the horses and equipment, unless appellee would reimburse him for the amount advanced by him in excess of the earnings, and, asserting that he had a lien for keeping and training the horses under the provisions of section 8892 of the Code of 1923, advertised them for sale, and the appellee filed the original bill for an accounting and to enjoin the sale of the horses and compel their surrender to appellee.

■■ While it is well settled that a party to a joint adventure may sue his coadventurer in an action at law for breach of the contract or to recover from him his proportion of the expenses, or his share of the profits, yet, where a single action will not suffice to terminate the entire controversy, such joint adventurer may invoke the jurisdiction of a court of equity for an accounting. Saunders v. McDonough et al., 191 Ala. 119, 67 So. 591; Lunsford v. Shannon (Ala. Sup.) 128 So. 215;[1] Id., 208 Ala. 409, 94 So. 571; Williams v. Henshaw, 11 Pick. (Mass.) 79, 22 Am. Dec. 366; Penn v. Stone, 10 Ala. 209; 15 R. C. L. 507, § 11; Hall v. McKeller, 155 Ala. 508, 46 So. 460.

The allegations of the bill bring the case clearly within the stated principles.

If, as asserted by the appellant, he has a lien on the horses for their feed and training, they cannot be recovered at law. Finney v. Dryden, 214 Ala. 370, 108 So. 13; Payne v. Ellis, 216 Ala. 603, 114 So. 192.

Still, if it should be determined that the appellant has no lien, and therefore that the horses might have been recovered in an action of detinue, the rights and liabilities of the parties as to the expenses and profits could not be litigated in such action.

Whether or not the appellant's assertion that he has a lien, and therefore the right to retain possession of the horses as a security for his alleged charges, is well grounded, it is, nevertheless, important in determining whether or not his withholding possession from appellee is rightful or wrongful. If wrongful, he would not be entitled to be reimbursed for expenses for keeping the horses after the joint adventure had come to an end.

The provisions of the statute are that: "Any keeper, owner, or proprietor, of any pasture kept for grazing stock, or any keeper, owner, or proprietor of any stable for the development or training of horses, or any person who keeps, feeds, trains, or develops any horse or horses for another, shall have a lien on all such horses or stock, so kept, fed, pastured, trained, or developed by him, or under his control, for the payment of his charges for keeping, feeding, pasturing, training, or developing the same, and he shall have the right to retain such horse, or horses, or stock, or so much thereof as may. be necessary for the payment of such charges." Section 8892, Code of 1923. (Italics supplied.)

The common law left stable keepers and agisters without a lien to secure their compensation for services in attending, keeping, and feeding stock bailed to them for that purpose, and the clear purpose of the statute was to remedy this defect in the common law. Pearce v. Jennings, 94 Ala. 524, 10 So. 511; Scott v. Mercer (Iowa) 63 N. W. 325; 17 R. C. L. 1048.

■ The statutory lien runs to a bailee for hire to secure his charges for keeping, feeding, pasturing, training, or developing the bailed property for the owner, and is limited to such charges. Elliott v. Hodgson & Jackson, 133 Ga. 209, 65 S. E. 405, 134 Am. St. Rep. 206; 17 R. C. L. 1048, § 4.

■ Under the contract pleaded and proven, whether the contention of appellant or appellee be sustained, the arrangement was one of joint adventure, and what was done by the appellant in keeping and training the two horses was as much for his benefit as it was for the benefit of the appellee, and the expenses incident thereto are not within the provisions of the statute.

At common law the principle was recognized at an early day that the artisan or tradesman who had contributed to enhance the value of goods or chattels delivered to his custody, by bestowing his labor thereon, inuring to the sole benefit of the owner, had a lien thereon—the right to retain the property —until his charges were paid; and this rule has been applied to the training of race horses. Scott v. Mercer, 98 Iowa, 258, 67 N. W. 108, 60 Am. St. Rep. 188.

But this principle is not applicable to expenses incident to a joint adventure, such as is shown here.

■ The horses were delivered to the appellant for a special purpose—to be entered in the races for the season—and, when this purpose was fulfilled, the necessary implication is that the horses and equipment were to be returned to the appellee, and, appellant's retention of the property being wrongful, he was not entitled to claim compensation for the feed and care of the horses, wrongfully withheld from the owner who had made demand on appellant for their delivery to him. 17 R. C. L. 607, § 17.

---

[1] 221 Ala. 207.

After a careful review of the evidence we are at the conclusion that the appellee agreed to advance for the feed, shoeing, and veterinary services for the horses, and to furnish Jim Norwood as caretaker and pay his expenses. Jim was discharged by the appellant without appellee's consent, and another caretaker hired in his stead. For expenses of the new man, the appellee is not liable.

The opinion prevails that, in so far as the decree requires the surrender of the horses and the equipment to the appellee, it is free from error, and is due to be affirmed, but that the court should have referred to the register the matter of stating an account between the parties, charging the appellee with the expenses incident to the feeding, shoeing, and veterinary services for the horses from the time they were entered in the races until demand was made for their return to appellee, and the expenditures for keeping Jim Norwood up to the time of his discharge by the appellant. On the other hand, charging the appellant with the winnings of the horses, and the reasonable use and hire of the horses and equipment from the date the appellee demanded their return to him after the racing season was over, the register to ascertain the difference between these sums, and report accordingly.

Affirmed in part, and in part reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

### On Rehearing.

BROWN, J.

As to some of the elements essential to a correct statement of an account between the parties, there was no evidence taken. This was so because the parties proceeded in the circuit court on the theory that the statute, Code 1923, § 8892, gave the defendant a lien on the property for keeping and training the horses, and that he had the right to retain possession of the property.

Therefore, it is not practicable, nor will this court assume the burden of undertaking to state an account between the parties in order to determine their liability. This is a matter that should be referred to the register.

The appellee is taxed with the costs of the appeal. We are not concerned here with the costs of the trial court; that is a matter to be determined by it.

Application overruled.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.