[No. 13399.  Department Two. — February 1, 1890.]
## NATHANIEL JOHNSTON, RESPONDENT, *v.* E. A. Mc-DUFFEE ET AL., APPELLANTS.

MORTGAGE — PURCHASE BY JOINT MORTGAGEE — FORECLOSURE — PARTIES. — When one of two joint mortgagees, who holds a several note secured by the mortgage, purchases the equity of redemption, he becomes the holder of the legal title, and is properly made a party defendant to an action of foreclosure by the other mortgagee or his assignee, as being a purchaser by title subsequent and subject to the lien of the mortgage.  His rights as joint mortgagee may be protected by his taking the proper steps to bring them before the court, but not otherwise.

ID. — PLEADING — DESCRIPTION OF PREMISES — EXHIBIT OF MORTGAGE. — The property may be sufficiently described in the complaint in an action to foreclose a mortgage by reference to the mortgage, which is appended to the complaint as an exhibit, and made part of it, if the mortgage sufficiently describes the mortgaged premises.

DEPOSITIONS — PRESENCE OF WITNESS — READING DEPOSITION OF PARTY — CONSTRUCTION OF CODE. — The only case in which the presence of a witness whose deposition has been taken is required, if it can be procured at the trial, is where the deposition was taken under the sixth subdivision of section 2021 of the Code of Civil Procedure.  The presence or absence of a party whose deposition has been taken under subdivision 1 of said section is immaterial, and such deposition may be read on the trial by either party, though the witness be in court when it is read, and though other witnesses are present by whom the same facts can be proved.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles R. Gray,* for Appellants.

*Harris & Gregg,* for Respondent.

THORNTON, J. — Action to foreclose a mortgage executed by one Winters to Jameson and defendant McDuffee, to secure two notes, one to Jameson and the other to McDuffee.  The mortgage is joint, and the notes are several, as stated above.

Jameson assigned his note and the mortgage to secure it to the plaintiff Johnston.

McDuffee, after the execution of the notes and mortgages, and before this action was brought, purchased of the mortgagor, Winters, the mortgaged premises, a conveyance of which was executed to him, Winters.

By his purchase of the equity of redemption of Winters, McDuffee became the holder of the legal title. He stood in Winters's place in regard to the land mortgaged. McDuffee was made defendant, and properly made a defendant as the purchaser of the mortgaged property from Winters. As such purchaser, he came in by title subsequent and subject to the lien of the mortgage.

There was judgment of foreclosure against all the defendants. McDuffee only appeals.

It is argued that McDuffee is improperly such a defendant. We do not agree to this, for the reason above given. For the same reason the complaint states a cause of action against him. The property is described in the complaint by reference to the mortgage, which is appended to the complaint as an exhibit, and made a part of it. (*Emeric* v. *Tams*, 6 Cal. 156.) The mortgage sufficiently describes the mortgaged premises.

When the plaintiff offered the mortgage in evidence no objection was made to it.

It is not specified in any way that the findings are not sustained by the evidence.

The plaintiff offered in evidence his own deposition taken in the case. It does not appear to have been taken otherwise than in accordance with law.

The defendant McDuffee objected to the offer of this deposition, on the ground that it did not appear that plaintiff was absent from the county of San Bernardino (where the case was tried), and unable to be present at the trial, and on the further ground that it did not appear but that the facts sought to be proven by the deposition could be proved by other witness. The court overruled these objections, and the defendant excepted.

It was proven to the court that the witness was absent

from the county, and there was the testimony of one of plaintiff's counsel that he knew of no other witness in the county by whom the facts might be established or could be proven.

In fact, neither ground of objection is maintainable. The plaintiff had the right, under the statute, to read the deposition, though he had been present at the trial, and though other witnesses had been present by whom he could have proved the same facts. Such is the legal meaning of the statute. (Code Civ. Proc., sec. 2021.) The only case in which the presence of the witness whose deposition has been taken is required is under the sixth subdivision of section 2019, *supra,* which does not concern us here, as it relates to a different sort of witness. The presence of a party whose deposition has been taken is never required, and the deposition may be read on the trial by either party, though he is in court when it is read. (Code Civ. Proc., secs. 2021, 2034.)

The judgment is supported by the findings.

Though McDuffee's rights as mortgagee might have been protected by taking the proper steps to bring them before the court, the record before us is not in a shape that presents them.

There is no error in the record.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.