THE HAMILTON COMPANY *vs.* MATTHEW W. GORING.

NOVEMBER 18, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  This cause is here on the petitioner's appeal from a final judgment of the superior court denying a petition for a writ of mandamus directed to the respondent in his capacity as a notary public.  The petitioner was the defendant in an action of the case for negligence then pending in the superior court and entitled *Pulsifer* v. *The Hamilton Company*.  That action was only one of thirty similar actions brought by various former tenants against this petitioner to recover damages resulting from a fire in an apartment house owned or operated by the petitioner.  The issues in all of said actions, saving the question of damages, were substantially identical.

The petitioner, as defendant in the *Pulsifer* action and without order of any court, requested this respondent, a notary public, to summon three persons for the purpose of taking their depositions to be used in that case. These persons, each of whom was the plaintiff in one of the similar actions then pending in the superior court against the petitioner, appeared before the notary public at the time and place fixed in the notice and summons. However, acting upon advice of counsel, who challenged the authority of the notary public to take their depositions, each of them refused to answer any questions. Thereupon the petitioner requested the notary public to issue forthwith body attachments against them for contempt; and upon the notary public's refusal to act as requested, this petition for mandamus was filed in the superior court to compel him to take such action. After a hearing before a justice of that court, a final judgment was entered denying the prayer of the petition and from that judgment the petitioner duly claimed the instant appeal.

The petitioner contends that the authority and duty of the notary public to take these depositions, as well as to issue the body attachments as requested, are derived from general laws 1938, chapter 539, § 1. This section reads:

> "Except in equity cases, any justice of the supreme or superior court, justice of the peace or notary public, may take the deposition of any witness, to be used in the trial of any civil suit, action, petition or proceeding, in which he is not interested, nor counsel, nor the attorney of either party, and which shall then be commenced or pending in this state, or in any other state, or in the District of Columbia, or in any territory, government, or country; and in equity causes testimony may be taken by deposition or orally, as provided in § 17 of chapter 528."

The petitioner contends that this section should be construed strictly in accordance with the letter of its provisions; that every person who is not an actual party of record in the

pending case in which his deposition is sought must necessarily be classified as a "witness" under § 1; that none of the three persons summoned to give a deposition is an actual party of record in the original case, in which the depositions were sought to be taken; and that therefore each of them must be considered as a "witness" whose deposition could lawfully be taken under this section without previous order of any court. The petitioner further contends that the power of the notary public to enforce his authority is necessarily implied and that the statute imposed upon the respondent a ministerial duty to issue the body attachments, as requested, when these witnesses refused to give their depositions.

We doubt very much if § 1, when read with the chapter as a whole, was ever intended to authorize a notary public to take, without order of any court, depositions to be used in a pending action at law that does not follow in any way the course of equity. If that authority were so intended, no adequate explanation has been given by the petitioner why § § 9 and 11, which apparently deal with the same subject and expressly require a previous motion, were also included in that chapter.

However, if we assume, without deciding, that § 1 authorizes the taking, without previous motion or order, of depositions of witnesses in such an action at law as here the decisive question then is whether any of the three designated persons is to be treated as a "witness" within the contemplation of this chapter. That the word "witness" in § 1 was not intended to be interpreted strictly, so as to include every person who might possibly testify as a witness in a pending case, was determined by this court in *Tilden-Thurber Corp.* v. *Farnell*, 43 R. I. 42. In that case it was clearly pointed out that an actual party of record in the original case may well be and usually is a witness in his own behalf. But it held that such a person was not thereby to be considered a "witness" for the purposes of this section and chapter. This

is conceded by the petitioner, but it contends, nevertheless, that all persons who are not actually parties of record in the original case, in which depositions are sought to be taken, are necessarily mere witnesses whose depositions may be taken by any notary without order of any court. We do not agree that this is a necessary deduction under all circumstances.

In the instant case, it is true that the three persons who were summoned by the notary public were not actual parties of record in the *Pulsifer* case; but neither were they mere witnesses without any interest in the basic cause and issues of that case. On the contrary, each was an actual party of record in a case pending in the same court against the petitioner, based upon substantially the same cause of action. There was such a substantial identity of interests between each as a possible witness in the *Pulsifer* case, and as an actual party in one of the similar pending cases against petitioner, that all were properly considered, in the contemplation of this statute, as being in the nature of actual parties having a substantial and identical interest in the cause of action. They therefore come within the interpretation of § 1 as made in the *Tilden-Thurber* case, *supra.*

To hold otherwise would seem to pursue the form rather than the substance. It would permit the petitioner virtually to do indirectly what the *Tilden-Thurber* case, *supra,* held could not be done directly. By the simple expedient of taking in the *Pulsifer* case the depositions of every actual plaintiff of record in the other actions pending against the defendant, and by taking, in one of the other actions, the deposition of the plaintiff Pulsifer, the petitioner could obtain before trial the depositions of actual parties of record in all the pending cases. At the same time the petitioner could successfully prevent the plaintiff in any of the other actions from taking its deposition because it was an actual party of record in every pending case. While the reasonableness of the result of a particular interpretation of a statute may not be controlling, this court has held that it may be considered

in ascertaining the construction probably intended. See *Desjourdy* v. *Mesrobian*, 52 R. I. 146.

Moreover, the chapter in question is in derogation of the common law and also provides a summary penalty against a witness who unlawfully refuses to give his deposition. We think therefore that any doubtful provision in such a statute should be construed strictly so as to favor the person subjected to the penalty, in accordance with well-settled rules of construction of such statutes.

Therefore, having in mind the nature and purpose of the statute as a whole and the construction of § 1 in the *Tilden-Thurber* case, *supra*, as well as the results to which the petitioner's construction of it would lead, we are of the opinion that it was not error for the trial justice, in the exercise of his discretion, to refuse to grant the prerogative writ of mandamus in the circumstances before the court.

The appeal of the petitioner is accordingly denied and dismissed, said final judgment of the superior court is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for petitioner.

*Walter J. Hennessey,* for respondent.