[Civ. No. 823. Fifth Dist. June 29, 1967.]

ANGELINA DI NAPOLI, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; TEJON POTATO COMPANY et al., Real Parties in Interest.

Angelina Di Napoli, in pro. per., for Petitioner.

No appearance for Respondent.

Borton, Petrini, Conron & Brown and Warren C. Wetteroth for Real Parties in Interest.

STONE, J.—Angelina De Napoli, 69 years of age and a resident of Bell in Los Angeles County, which is 120 miles from Bakersfield, brings this proceeding in prohibition to annul and set aside an order of the superior court made in the case of Di Napoli v. Tejon Potato Company, Kern County No. 92971, requiring the petitioner to go to Bakersfield and there give her deposition in the case, notwithstanding the failure of defendants to pay a witness fee and mileage in response to her demand.

In the Kern County action, Mrs. Di Napoli attempts to secure damages for the death of her son, alleged to have been caused by negligence of the defendants. After the filing of the complaint, counsel for the defendants, on three separate occasions, set in motion attempts to take the deposition of the plaintiff, pursuant to the provisions of section 2019, subdivision (a) (4), of the Code of Civil Procedure.

The documents for the taking of the deposition in Bakersfield were properly drawn and served by counsel for the defendants, except that as there was no payment of the mileage and witness fee, repeatedly demanded by her in writing, Mrs. Di Napoli claims that she was not required to attend. On November 21, 1966, the plaintiff, acting in propria persona, filed what she denominated "Notice of Motion for Protective Order re Deposition." In that writing, she said, among other things: "Plaintiff is 69 years of age and will need travel companions if she is required to come to Bakersfield, to give her deposition." She asked that her mileage and witness fee be paid. The court denied the motion without making any written reference to the request for mileage and witness fee.

Finally, the attorneys for the defendants made a motion before another judge of the Kern County Superior Court for an order striking out the complaint and dismissing the action ". . . or such other penalties as the Court may deem just, and for reasonable expenses, including reasonable attorneys fees, on the ground that plaintiff, Angelina Di Napoli, wilfully failed to appear at the times and places set for the taking of depositions on oral examination, pursuant to proper notices in accordance with the provisions of Subdivision (a) (4) of Section 2019 of the Code of Civil Procedure of the State of California."

It is the contention of counsel for the defendants as expressed in their memorandum of points and authorities in opposition to the petition for writ of prohibition: "Inasmuch as plaintiff resides within 150 miles from the place set for her

deposition, a proper notice of deposition in accordance with Code of Civil Procedure, Section 2019 (a)(4) is all that is required in order to require her attendance. *Code of Civil Procedure,* Section 2019 (a)(4). *Code of Civil Procedure,* Section 2019 (b)(2)."

 Mrs. Di Napoli contends that the trial court was in error in not recognizing and protecting her right to demand payment of her witness fee and mileage as a prerequisite to her attendance at the place of taking the deposition. It has long been settled in California that witnesses in civil cases may demand the payment of their mileage and fees for one day in advance, and, when so demanded, shall not be compelled to attend until the allowances are paid. (Gov. Code, §§ 68093 and 68097.) In 1961, the Legislature by enactment of Code of Civil Procedure section 1986.5 extended this right to "any person who is subpoenaed and required to give a deposition." This section was enacted subsequent to the 1957 Discovery Act, which provided by Code of Civil Procedure section 2019, subdivision (a)(4): "In the case of depositions of a party to the record of any civil action or proceeding or of anyone who at the time of taking the deposition is an officer, director or managing agent of any such party, the service of a subpoena upon any such deponent is not required if proper notice of the taking of such deposition is given to the attorney for such party or to the party, if he has no attorney." Had Code of Civil Procedure section 1986.5 been enacted before the discovery statutes, we would face the question whether it was repealed by implication as to parties to an action by the enactment of section 2019, subdivision (a)(4). But, since section 1986.5 followed section 2019, by some four years, it must be assumed that when the Legislature enacted 1986.5 it was fully cognizant of section 2019, subdivision (a)(4), permitting a party's deposition to be taken on notice and without a subpoena. Yet, the subsequent statute limits witness fees and mileage to persons "subpoenaed and requred to give a deposition."

 A party is not left entirely unprotected against financial imposition or from harassment by the discovery statutes. The last sentence of section 2019, subdivision (a)(4), places the following explicit limitation upon the taking of a party's deposition: "A notice to take the deposition of a person described in this subdivision (4) cannot require the attendance of such person at a place more than 150 miles from the residence of such person, unless the party desiring to

take such deposition first obtains an order pursuant to the provisions of Section 2019(b)(2) of this code.'' A party may also appeal to the discretion of the court if threatened with ''annoyance, embarrassment, or oppression.'' (Code Civ. Proc., § 2019, subd. (b)(1).) Here, petitioner refused to attend the original deposition as noticed; no annoyance, embarrassment, or oppression within the sense of Code of Civil Procedure section 2019, subdivision (b)(1) was shown. Petitioner's refusal was, in the eyes of the trial court, without good cause. Consequently, the court imposed sanctions in the form of costs under the authority of Code of Civil Procedure section 2034.

We do not find an abuse of discretion in these circumstances. (See *Discretion of the trial court* in *Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 378-387 [15 Cal.Rptr. 90, 364 P.2d 266].)

For the foregoing reasons, the temporary restraining order heretofore issued is dissolved and the petition for writ of prohibition is denied.

Gargano, J., concurred.

CONLEY, P. J.—I dissent. The basic ground of the contention of Mrs. Di Napoli is that the court lacked the power to make the order in question, because she repeatedly demanded and made clear to the court and to the opposing parties that she continued to demand the payment of her witness fee for one day ($4) and mileage ($18) (Gov. Code, § 68093) as a prerequisite to attendance.

Section 68097 of the Government Code provides generally and with no noted exceptions: ''Witnesses in civil cases may demand the payment of their mileage and fees for one day, in advance, and when so demanded shall not be compelled to attend until the allowances are paid. . . .''

This section of the Government Code, first enacted in 1953, is identical with prior California code sections in effect since the year 1907 (Pol. Code, § 4300g, added Stats. 1907, ch. 282, pp. 553-554; amended Stats. 1909, ch. 438, p. 765; Stats. 1927, ch. 61, p. 109; Stats. 1937, ch. 224, p. 524; Code Civ. Proc., § 1885.1, added Stats. 1951, ch. 655, p. 1850).

As indicating the viewpoint of the Legislature to the effect that one who is subpoenaed for a deposition or required to give such testimony shall be considered a witness entitled to mileage and a witness fee, section 1986.5 of the Code of Civil

Procedure states as follows: "Any person who is subpoenaed and required to give a deposition shall be entitled to receive the same witness fees and mileage as if the subpoena required him to attend and testify before a court in which the action or proceeding is pending."

As no subpoena was required or used in the instant case, the literal wording of that section does not apply, but the thought behind the enactment of the provision indicates that the Legislature considered any witness required to give testimony on a deposition in the same category with respect to mileage and fee as a witness required by subpoena to attend a trial.

That Mrs. Di Napoli was potentially a witness entitled to the allowances provided by law seems to me to be quite certain. In 54 California Jurisprudence, Second Edition, Witnesses, section 2, page 199, it is said, following the definition contained in section 1878 of the Code of Civil Procedure, that a witness is ". . . a person whose declaration under oath is received as evidence for any purpose, whether on oral examination or by deposition or affidavit." And section 1879 of the Code of Civil Procedure provides as follows: "All persons capable of perception and communication may be witnesses. All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action or proceeding are excluded; . . ."

Under the code sections and the cases cited herein, a party may be a witness and, unquestionably, Mrs. Di Napoli was called as such through the notices served upon her. (See Ahern v. Superior Court, 112 Cal.App.2d 27 [245 P.2d 568]; Guardianship of Waite, 14 Cal.2d 727 [97 P.2d 238].)

It seems clear that section 68097 of the Government Code provides for a witness fee and mileage to be paid to all witnesses, after timely demand, and as it further expressly requires that if such are not paid a proposed witness shall not be compelled to attend, the Legislature evidently meant just what it said. As no witness fee and mileage were paid, after demand, Mrs. Di Napoli should not be compelled to give her deposition 120 miles from home, unless there was an express or implied revocation of the section 68097 of the Government Code and its predecessors of identical import. Concededly, no express revocation took place; but the real parties in interest

contend, in effect, that there was an implied revocation by reason of the fact that the discovery provisions of the Code of Civil Procedure do not expressly state that a witness fee and mileage are required.

In examining this contention, we must start with a strong presumption against a repeal by implication of any of the successive code sections. (*Penziner* v. *West American Finance Co.*, 10 Cal.2d 160 [74 P.2d 252]; *California Drive-In Restaurant Assn.* v. *Clark*, 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028]; *Warne* v. *Harkness*, 60 Cal.2d 579, 587-588 [35 Cal.Rptr. 601, 387 P.2d 377]; *City of Burbank* v. *Metropolitan Water Dist.*, 180 Cal.App.2d 451, 462 [4 Cal.Rptr. 757].) In 45 California Jurisprudence, Second Edition, Statutes, section 79, pages 597-598, it is said: "Repeals by implication are not favored. Unless express terms are used to disclose the intention to repeal, the presumption is against repeal, especially where the prior act has been generally understood and acted on. If reasonably possible, two laws on the same subject will be so construed as to keep both in effect. The courts are bound to uphold the prior act if it can subsist with the later. They will presume that the legislature did not intend to repeal the former act, unless there is an irreconcilable conflict between them or the later act is a revision of the entire subject matter and a substitute for the former. To overcome the presumption, the two acts must be irreconcilable, clearly repugnant, and so inconsistent that they cannot have concurrent operation, or the intent to effect a repeal must be otherwise expressed, in unmistakable language."

It seems obvious that the Legislature did not intend to repeal the code section granting witness fees and mileage to all witnesses. The two acts are not irreconcilable, or clearly repugnant, or so inconsistent that they cannot have concurrent operation. In fact, it is my view that they are entirely consistent and must be applied together.

Fees and mileage are not given as bonuses or prizes, but are intended to assure potential witnesses in civil cases that they will be afforded an opportunity to attend a deposition or court session. The showing of Mrs. Di Napoli is that she needs the money allowed by law for her transportation. To some, in this affluent society, $22 may be a mere bagatelle, scarcely worth mentioning; to others, in a given situation, it may mean the difference between self-respect and naked want. The Legislature, ever since the year 1907, has evidently thought that it was sufficiently important to require its payment, if demand-

ed, before the necessity of appearing as a witness. She should have been afforded what the code provides for her, and it seems apparent that, if the law is observed, ''she shall not be compelled to attend until the allowances are paid.''

Accordingly, I would order that a peremptory writ of prohibition issue, providing that (1) the order of the trial court of April 28, 1967, referred to in paragraph I of the petition, be forthwith annulled and set aside, (2) the court be restrained from enforcing the whole or any part of said order, and (3) the court shall not require petitioner to give her deposition without the timely payment to her of the legal witness fee and mileage demanded by her, as provided by section 68097 of the Government Code.

A petition for a rehearing was denied July 26, 1967. Conley, P. J., was of the opinion that the petition should be granted. Petitioner's application for a hearing by the Supreme Court was denied September 27, 1967.