TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-415 |
| of | : | |
| | : | October 15, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE STEVEN M. WOODSIDE, COUNTY COUNSEL, COUNTY OF SANTA CLARA, has requested an opinion on the following question:

May a superior court judge accept the California Peace Prize Award, a cash prize of $25,000, from the California Wellness Foundation for his efforts to prevent violence, both in his professional role as a juvenile court judge and as a community leader?

CONCLUSION

A superior court judge may not accept the California Peace Prize Award, a cash prize of $25,000, from the California Wellness Foundation for his efforts to prevent violence, both in his professional role as a juvenile court judge and as a community leader.

ANALYSIS

The California Wellness Foundation is a private, non-profit charitable organization that was initially funded in 1992 by a substantial endowment from a major California health maintenance organization. It provides grants totalling approximately $40 million each year to improve the health and well-being of the people of California. It named a superior court judge as one of three winners of its 1996 California Peace Prize Award. In addition to the public recognition of the judge's contributions in preventing violence, the award included a cash prize of $25,000. The award was unsolicited by the judge, and he may use the funds for whatever purposes he chooses. We are asked whether the judge may accept the $25,000 award, made both for his professional activities as a superior court judge assigned to the juvenile court and for his non-professional community activities. We conclude that the judge may not accept the cash award.

Code of Civil Procedure section 170.9 **Footnote No. 1** provides:

"(a) No judge shall accept gifts from any single source in any calendar year with a

total value of more than two hundred fifty dollars ($250). This section shall not be construed to authorize the receipt of gifts that would otherwise be prohibited by the California Code of Judicial Ethics adopted by the California Supreme Court or any other provision of law.

"(b) This section shall not prohibit or limit the following:

"(1) Payments, advances, or reimbursements for travel and related lodging and subsistence permitted by subdivision (e).

"(2) Wedding gifts and gifts exchanged between individuals on birthdays, holidays and other similar occasions, provided that the gifts exchanged are not substantially disproportionate in value.

"(3) A gift, bequest, favor, or loan from any person whose preexisting relationship with a judge would prevent the judge from hearing a case involving that person, under the Code of Judicial Ethics adopted by the California Supreme Court.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) For purposes of this section, `judge' means judges of the municipal or superior courts, and justices of the courts of appeal or the Supreme Court.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(*l*) `Gift' means any payment to the extent that consideration of equal or greater value is not received . . . . However, the term `gift' does not include:

"(1) Informational material such as books, reports, pamphlets, calendars, periodicals, cassettes and discs, or free or reduced-price admission, tuition, or registration, for informational conferences or seminars. No payment for travel or reimbursement for any expenses shall be deemed `informational material.'

"(2) Gifts which are not used and which, within 30 days after receipt, are returned to the donor or delivered to a charitable organization without being claimed as a charitable contribution for tax purposes.

"(3) Gifts from a judge's spouse, child, parent, grandparent, grandchild, brother, sister, parent-in-law, brother-in-law, sister-in-law, nephew, niece, aunt, uncle, or first cousin or the spouse of any such person; provided that a gift from any such person shall be considered a gift if the donor is acting as an agent or intermediary for any person not covered by this paragraph.

"(4) Campaign contributions required to be reported under Chapter 4 (commencing with Section 84100) of Title 9 of the Government Code.

"(5) Any devise or inheritance.

"(6) Personalized plaques and trophies with an individual value of less than two hundred fifty dollars ($250).

"(7) Admission to events hosted by state or local bar associations or judges' professional associations, and provision of related food and beverages at such events, when attendance does not require 'travel' as described in paragraph (3) of subdivision (e)."

"(m) The Commission on Judicial Performance shall enforce the prohibitors of this section."

In interpreting and applying the provisions of section 170.9 to the cash award in question, we rely on well established principles of statutory construction. We are to interpret statutes so as to effectuate the intent of the Legislature. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 721, 724.) "In so doing we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) The words of a statute are to be given "their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) When "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73.) The plain meaning of words in a statute may be disregarded only when that meaning is "`repugnant to the general purview of the act,' or for some other compelling reason. . . ." (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 219.)

Here the Legislature has expressly defined the type of "gift" proscribed by the statute. We are not free to adopt a different definition. As explained in *In Re Marriage of Stephens* (1984) 156 Cal.App.3d 909, 913:

"The Legislature has power to prescribe legal definitions of its own language, and when an act passed by the Legislature embodies a definition it is binding on the courts. [Citation.] Terms defined by the statute in which they are found will be presumed to have been used in the sense of the definition. [Citation.]"

It is apparent that the $25,000 cash award in question falls within the definition of a "gift" for purposes of section 170.9 regardless of whether it is denominated an "award" or "prize." Neither the list of non-prohibited gifts (§ 170.9, subd. (b)) nor the exceptions to the definition of a gift (§ 170.9, subd. (*l*)) sanctions receipt of a gift of the nature or size of the California Peace Prize Award. The fact that the Legislature has specified certain exemptions from the definition of a gift and specified other exemptions from the prohibition against the receipt of gifts indicates an intent to limit the exceptions to those enumerated in the statute. "Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary." (*Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230.)

We note that the prohibition on accepting gifts is not unique to judges. For example, the Ethics in Government Act of 1990 (Gov. Code, §§ 89500-89522) prohibits state and local officials from accepting gifts valued at more than $250. Government Code section 89503 states:

"(a) No elected state officer, elected officer of a local government agency, or other individual specified in Section 87200 shall accept gifts from any single source in any calendar year with a total value of more than two hundred fifty dollars ($250).

"(b) (1) No candidate for elective state office, for judicial office, or for elective office in a local government agency shall accept gifts from any single source in any calendar year with a total value of more than two hundred fifty dollars ($250). . . .

"(c) No member of a state board or commission or designated employee of a state or local government agency shall accept gifts from any single source in any calendar year with a total value of more than two hundred fifty dollars ($250) if the member or employee would be required to report the receipt of income or gifts from that source on his or her statement of economic interests.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ." **Footnote No. 2**

The Supreme Court has adopted a similar standard in Canon 4D(6) of the California Code of Judicial Ethics:

"A judge shall not accept and shall discourage members of the judge's family residing in the judge's household from accepting a gift, bequest, favor, or loan from anyone except as hereinafter provided:

"(a) any gift incidental to a public testimonial, books, tapes, and other resource materials supplied by publishers on a complimentary basis for official use, or an invitation to the judge and the judge's spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law, the legal system, or the administration of justice;

"(b) advances or reimbursement for the reasonable cost of travel, transportation, lodging, and subsistence which is directly related to participation in any judicial, educational, civic, or governmental program, or bar-related function or activity, devoted to the improvement of the law, the legal system, or the administration of justice;

"(c) a gift, award, or benefit incidental to the business, profession, or other separate activity of a spouse or other member of the judge's family residing in the judge's household, including gifts, awards, and benefits for the use of both the spouse or other family member and the judge, provided the gift, award, or benefit could not reasonably be perceived as intended to influence the judge in the performance of judicial duties;

"(d) ordinary social hospitality;

"(e) a gift for a special occasion from a relative or friend, if the gift is fairly commensurate with the occasion and the relationship;

"(f) a gift, bequest, favor, or loan from a relative or close personal friend whose appearance or interest in a case would in any event require disqualification under Canon 3E;

"(g) a loan in the regular course of business on the same terms generally available to persons who are not judges;

"(h) a scholarship or fellowship awarded on the same terms and based on the same criteria applied to other applicants."

Finally, we note that the $25,000 cash award would be given for the judge's contributions as a juvenile court judge and for his community service. Penal Code section 70 generally prohibits state and local officers and employees from receiving "any emolument, gratuity, or reward . . . for doing an official act." (See *Lees v. Colgan* (1898) 120 Cal. 262; see also Pen. Code, § 70.5; Gov. Code, § 19990, subd. (d).)

We conclude that a superior court judge may not accept the California Peace Prize Award, a cash prize of $25,000, from the California Wellness Foundation for his efforts to prevent violence, whether given for his professional role as a juvenile court judge or as a community leader.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Code of Civil Procedure are by section number only. **Return to text**
**Footnote No. 2**
Individuals specified in section 87200 are "elected state officers, judges and commissioners of courts of the judicial branch

individuals specified in section 87200 are "elected state officers, judges and commissioners of courts of the judicial branch of government, members of the Public Utilities Commission, members of the State Energy Resources Conservation and Development Commission, members of the Fair Political Practices Commission, members of the California Coastal Commission, members of planning commissions, members of the board of supervisors, district attorneys, county counsels, county treasurers, and chief administrative officers of counties, mayors, city managers, city attorneys, city treasurers, chief administrative officers and members of city councils of cities, and other public officials who manage public investments, and to candidates for any of these offices at any election."